(Reap. Dec. 11036)

BRUCE DUNCAN, A/C GOLIATH DISTRIBUTORS, INC., ET AL. *v.* UNITED STATES

Entry No. 19278, etc.

(Decided on rehearing [not published] July 7, 1965)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

NICHOLS, Judge: The appeals for reappraisement enumerated in schedule "A," annexed hereto and made a part hereof, are before me on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the parties hereto, subject to the approval of the Court:

1. That this stipulation is limited to the items marked "A" and initialed WGC (Examiner's initials) by Examiner William G. Cornthwaite (Examiner's name) on the invoices covered by the appeals for reappraisement enumerated on Schedule "A" annexed, and is abandoned as to all other merchandise.

2. That the merchandise marked "A" consists of GP900E station wagon, model 12, manufactured by Goliath-Werk GMBH of Germany, and exported during the period July 1, 1956 to February 27, 1957.

3. That the involved merchandise consists of automobiles entered subsequent to the effective date of the Customs Simplification Act of 1956 and identified in the Final List proclaimed by the Secretary of the Treasury pursuant to said Customs Simplification Act (T.D. 54521).

4. That on or about the time of exportation of the involved automobiles, such or similar merchandise was not freely offered for sale in the country of exportation for home consumption or for exportation to the United States.

5. That on or about the said time of exportation such or similar imported merchandise was not freely offered for sale for domestic consumption in the United States.

6. That the cost of production as defined in Section 402(a)(f) of the Tariff Act of 1930 as amended by the said Customs Simplification Act of the automobiles involved herein is as follows:

DM4709 (plus extras where applicable).

7. That the appeals enumerated in the attached Schedule "A" may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise represented by the items marked with the letter "A" and the initials of the examiner on the invoices covered by these appeals and that said value is DM4709 (plus extras where applicable).

As to all other merchandise, the appeals, having been abandoned, are dismissed.

Judgment will be rendered accordingly.